**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Paul Ditko, | No. CV-17-00132-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Fabiano, FabCom, and Fabiano Communications, | |
| Defendants. | |

Pending before the Court is Plaintiff Stephen Paul Ditko's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court will grant. However, as detailed below, the Court will dismiss Plaintiff's Complaint (Doc. 1) because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court will allow Plaintiff leave to amend his Complaint to include facts sufficient to state a claim for relief.

**I.  Application to Proceed in District Court Without Prepaying Fees or Costs**

In Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, he declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff has presented financial information to support his Application. Given Plaintiff's lack of significant income, the Court will grant his Application.

**II.  Screening of In Forma Pauperis Complaint**

    **a.  Legal Standards**

For cases proceeding *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all in forma pauperis complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### b. Plaintiff's Complaint

Plaintiff appears to assert claims pursuant to the Arizona Employment Protection Act, A.R.S. § 23-1501(a)(3)(a). Plaintiff names Brian Fabiano, FabCom, and Fabiano Communications as Defendants, but asserts only the following allegations:

**Jurisdiction**
Phoenix Division

**Complaint**

In violation of ARS 23-1501. Severability of employment relationships; protection from retaliatory discharges;

exclusivity of statutory remedies in employment.

3. An employee has a claim against an employer for termination of employment only if one of more of the following circumstances have occurred:

(a) The employer has terminated the employment relationship of an employee in breach of an employment contract.

**Demand**

The Statutory Remedy provided or in the alternative all back pay from date of firing, January 19, 2016 including IRS wage garnishments payments for one year plus any and all penalties and fines issued by the IRS for default of agreement.

(Doc. 1.)

The Court will dismiss Plaintiff's Complaint because it fails to allege facts sufficient to establish this Court has subject matter jurisdiction over Plaintiff's claim. Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases involve either a controversy between citizens of different states (diversity jurisdiction) or a question of federal law (federal question jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The United States Code specifies the requirements for federal subject matter jurisdiction based on diversity:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title [28 USCS § 1603(a)], as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Here, Plaintiff fails to allege any grounds for this Court's jurisdiction. Plaintiff does not attempt to assert a federal claim in his Complaint. Plaintiff also fails to allege any basis for diversity jurisdiction, including the citizenship of any of the parties. Additionally, although Plaintiff seeks "[t]he Statutory Remedy or in the alternative all back pay from date of firing," he does not specify the damages he seeks in his Complaint and the Court cannot discern if his claim meets the minimum amount in controversy amount. Therefore, Plaintiff has failed to plead facts sufficient to show jurisdiction.

Further, Plaintiff fails to allege *any* facts to support his claims and, therefore, has failed to state a claim for relief pursuant to Rule 8 of the Federal Rules of Civil Procedure. A.R.S. § 23-1501 provides the following:

> 2. The employment relationship is severable at the pleasure of either the employee or the employer unless both the employee and the employer have signed a written contract to the contrary setting forth that the employment relationship shall remain in effect for a specified duration of time or otherwise expressly restricting the right of either party to terminate the employment relationship. Both the employee and the employer must sign this written contract, or this written contract must be set forth in the employment handbook or manual or any similar document distributed to the employee, if that document expresses the intent that it is a contract of employment, or this written contract must be set forth in a writing signed by the party to be charged. Partial performance of employment shall not be deemed sufficient to eliminate the requirements set forth in this paragraph. Nothing in this paragraph shall be construed to affect the rights of public employees under the Constitution of Arizona and state and local laws of this state or the rights of employees and employers as defined by a collective bargaining agreement.
>
> 3. An employee has a claim against an employer for termination of employment only if one or more of the following circumstances have occurred:
>
> (a) The employer has terminated the employment relationship of an employee in breach of an employment contract, as set forth in paragraph 2 of this subsection, in which case the remedies for the breach are limited to the remedies for a breach of contract.

Here, Plaintiff fails to assert any facts in his Complaint to support his claim. Plaintiff does not allege the existence of a written contract, with any Defendant, that

meets the requirements of § 23-1501(2), facts that show any of the Defendants breached the contract, or any resulting damages from an alleged breach by Defendants. Rather, he cites to portions of § 23-1501 and demands unspecified damages. Therefore, the Court will dismiss Plaintiff's Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### III. Leave to Amend

The Court will give Plaintiff an opportunity, if he so chooses, to amend his Complaint to assert factual allegations sufficient to state a claim for relief. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In the amended complaint, Plaintiff must write out, in short, plain statements, (1) the rights he believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct.

Plaintiff is warned that if he elects to file an amended complaint and he fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed. |
| 2 | **IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended |
| 3 | complaint by **June 8, 2017**. |
| 4 | **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended |
| 5 | complaint, the amended complaint may not be served until and unless the Court screens |
| 6 | the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). |
| 7 | **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended |
| 8 | complaint by **June 8, 2017**, the Clerk shall dismiss this action without further order of |
| 9 | this Court. |
| 10 | Dated this 9th day of May, 2017. |

Honorable John Z. Boyle
United States Magistrate Judge